IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SONRAI MEMORY LIMITED,**<br>            Plaintiff,<br><br>*v.*<br><br>**LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC.,**<br>            Defendants. | **6:21-cv-00168-ADA** |
| **SONRAI MEMORY LIMITED,**<br>            Plaintiff,<br><br>*v.*<br><br>**DELL TECHNOLOGIES INC.,**<br>            Defendant. | **6:21-CV-00361-ADA** |
| **SONRAI MEMORY LIMITED,**<br>            Plaintiff,<br><br>*v.*<br><br>**APPLE INC.,**<br>            Defendant. | **6:21-CV-00401-ADA** |
| **SONRAI MEMORY LIMITED,**<br>            Plaintiff,<br><br>*v.*<br><br>**KINGSTON TECHOLOGY COMPANY, INC. and KINGSTON TECHNOLOGY CORPORATION,**<br>            Defendants. | **6:21-CV-001284-ADA** |

**ORDER GRANTING DEFENDANTS' OPPOSED MOTION TO
STAY PENDING FINAL RESOLUTION OF PLAINTIFF'S MANUFACTURER LAWSUITS**

    Came on for consideration this date is Defendants' Omnibus Motion to Stay Pending Final

Resolution of Plaintiff's Manufacturer Lawsuits, filed December 23, 2021. *See, e.g.*, *Sonrai*

1

*Memory Limited v. Apple Inc.*, No. 6:21-cv-00401, ECF No. 26 (the "Omnibus Motion"). Plaintiff Sonrai Memory Limited filed an omnibus opposition on January 20, 2022. *See, e.g.*, *Sonrai Memory Limited v. Apple Inc.*, No. 6:21-cv-00401, ECF No. 34 (the "Opposition"). Defendants filed an omnibus reply on February 2, 2022. *See, e.g.*, *Sonrai Memory Limited v. Apple Inc.*, No. 6:21-cv-00401, ECF No. 38 (the "Reply"). After careful consideration of the Omnibus Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Defendants' Omnibus Motion as to the Defendants' requests in the above-captioned actions.

## I. BACKGROUND

Sonrai is prosecuting eight patent infringement actions, all of which are before this Court. Sonrai is suing entities the Court will refer to as "the Manufacturers": Kioxia Corporation and Kioxia America, Inc. (collectively, "Kioxia"); Western Digital Technologies, Inc. ("Western Digital"); and Samsung Electronics Co., Ltd. ("SEC"). It is also suing several entities the Court will refer to as "the Customers": SEC and Samsung Electronics America, Inc. (collectively "Samsung");[1] Google LLC; LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"); Dell Technologies Inc.; Apple Inc.; Kingston Technology Company, Inc. and Kingston Technology Corporation (collectively, "Kingston"); and Amazon.com, Inc.

Sonrai initiated suit against Kioxia, No. 6:21-cv-00400-ADA (the "Kioxia Action"), Western Digital, No. 6:21-cv-01168 (the "Western Digital Action"), and Samsung, No. 6:21-cv-00169-ADA (the "Samsung Action) (collectively the "Manufacturer Actions"). Sonrai initiated suit against Google (the "Google Action"), LG (the "LG Action"), Dell (the "Dell Action"), Apple

---

[1] SEC is both a Customer Defendant, because it manufactures and sells downstream products that incorporate the Accused Kioxia and Western Digital Chip," and a Manufacturer Defendant, because it also manufactures the Accused Samsung Chip Sonrai separately accuses of infringement.

(the "Apple Action"), Kingston (the "Kingston Action"), and Amazon (the "Amazon Action") (collectively, the "Customer Actions"). In each case, Sonrai is accusing NAND flash memory chips of infringing certain Sonrai patents. One such chip is the SanDisk/Toshiba 64L 3D NAND flash chip with the die identifier FRN1256G. The Court will refer to this chip as the "Accused Kioxia and Western Digital Chip" because Kioxia Corporation and Western Digital co-designed it. Another is a NAND flash memory with package marking SEC 110 BOE1 KLUDG4UHDC SD3P300B. The Court will refer to this chip as the "Accused Samsung Chip" because SEC designed it.

LG, Dell, Apple, and Kingston (the "Instant Customers") joined the Omnibus Motion to request that certain infringement claims against them be severed from their respective main action and stayed pending resolution of the relevant Manufacturer Actions pursuant to the customer-suit exception.

In the Kioxia Action, Sonrai alleges that Kioxia infringes U.S. Patent Nos. 6,724,241 (the "'241 patent") and 7,436,232 (the "'232 patent") by commercializing the Accused Kioxia and Western Digital Chip and downstream products including that chip. In the Western Digital Action, Sonrai alleges that Western Digital infringes the '241 patent and '232 patent by commercializing the Accused Kioxia and Western Digital Chip and downstream products including that chip.

In the Apple Action, Sonrai alleges that Apple infringes the '241 patent by commercializing downstream products including the Accused Kioxia and Western Digital Chip. Apple requests the entire case against it be stayed pending resolution of the Kioxia Action and the Western Digital Action. Omnibus Motion at 19–20. Apple agrees to be bound by any infringement determination in the Kioxia Action and the Western Digital Action as to the Accused Kioxia and Western Digital Chip. *Id.* at 15. Apple also agrees "to be bound to invalidity determinations in the

3

Kioxia and Western Digital Manufacturer case as to the contentions currently asserted by [Sonrai] as to the '241 patent." *Id.* at 15 n.10.

In the Dell Action, Sonrai alleges that Dell infringes the '241 and '232 patent by commercializing downstream products including the Accused Kioxia and Western Digital Chip. Dell requests the '241 and '232 patent claims against it be stayed pending resolution of the Kioxia Action and the Western Digital Action. Omnibus Motion at 20. (Sonrai has also accused Dell of infringing U.S. Patent No. 6,920,527 (the "'527 patent"); Dell requests that that claim be severed. Omnibus Motion at 20.) Dell agrees to be bound by any infringement determination in the Kioxia Action and the Western Digital Action as to the Accused Kioxia and Western Digital Chips. *Id.* at 15. Dell also agrees "to be bound to invalidity determinations in the Kioxia and Western Digital Manufacturer case as to the contentions currently asserted by [Sonrai] as to the '241 patent" and the '232 patent. *Id.* at 15 n.10.

In the Kingston Action, Kingston alleges that it infringes the '241 patent by commercializing downstream products including the Accused Kioxia and Western Digital Chip. Kingston requests that the '241 patent claim against it be stayed pending resolution of the Kioxia Action and the Western Digital Action. Omnibus Motion at 20. (Sonrai has also accused Kingston of infringing the '527 patent; Kingston requests that that claim be severed. Omnibus Motion at 20.) Kingston agrees to be bound by any infringement determination in the Kioxia Action and the Western Digital Action as to the Accused Kioxia and Western Digital Chips. *Id.* at 15. Kingston also agrees "to be bound to invalidity determinations in the Kioxia and Western Digital Manufacturer case as to the contentions currently asserted by [Sonrai] as to the '241 patent." *Id.* at 15 n.10.

In the LG Action, LG alleges that it infringes the '241 patent by commercializing downstream products including the Accused Kioxia and Western Digital Chip. LG requests that the '241 patent claim against it be stayed pending resolution of the Kioxia Action and the Western Digital Action. Omnibus Motion at 20. (Sonrai has also accused LG of infringing U.S. Patent No. 6,874,014 (the "'014 patent") patent; LG requests that that claim be severed. Omnibus Motion at 20.) LG agrees to be bound by any infringement determination in the Kioxia Action and the Western Digital Action as to the Accused Kioxia and Western Digital Chips. *Id.* at 15. LG also agrees "to be bound to invalidity determinations in the Kioxia and Western Digital Manufacturer case as to the contentions currently asserted by [Sonrai] as to the '241 patent." *Id.* at 15 n.10.

The Manufacturers and Customers filed the Omnibus Motion in each of these eight infringement actions. The Omnibus Motion is fully briefed and ripe for judgment.

## II. LEGAL STANDARD

A trial court has broad discretion to stay an action against a party to promote judicial economy. *See Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-5, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Where suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365–66 (Fed. Cir. 2014).

The "customer-suit exception" to the first-filed rule provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This exception "exists to avoid, if possible, imposing the burdens of trial on the customer,

5

for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365 (citation omitted). "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).

To warrant a stay of the customer suit, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464). Courts are instructed to use a "flexible approach" to avoid wasteful expenditure of resources, and therefore "stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *see also Nintendo*, 756 F.3d at 1365-66 (the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination" (citations omitted)).

In determining whether the customer suit exception applies, the court analyzes three factors: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 U.S. Dist. LEXIS 142173, at *14 (E.D. Tex. Aug. 22, 2018) (quoting *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909, 2015 U.S. Dist. LEXIS 675, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015)). The "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted).

The factors courts typically consider when determining whether to grant a stay include: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *In re Trustees of Bos. Univ. Patent Cases*, No. CV 13-12327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014).

### III. ANALYSIS

#### A.    Stay Under the Customer-Suit Exception

##### 1. Are the Instant Customers Merely Resellers?

The Instant Customers are more than mere resellers of the Accused Kioxia and Western Digital Chip. The parties recognize that the Customer Actions focus on "downstream products" containing the Accused Kioxia and Western Digital Chip. Omnibus Motion at 1. Yet, in this Court's judgment, the "significant overlap" in the Manufacturer and Customer infringement contentions draw this Action within the customer-suit exception. *In re Google Inc.*, 588 F. App'x 988, 990–91 (Fed. Cir. 2014) (rejecting a rigid approach to the "mere reseller" standard). The Customers and Manufacturers assert that "the asserted claims of the '241 patent are all apparatus claims that are being asserted exclusively against the circuitry of the Accused Chips in the accused products." Reply at 4–5. That representation is uncontroverted. Sonrai has also not questioned the Customers' representation that, "[f]or each customer, Sonrai provided the same '241 patent infringement claim chart that it had attached to the Western Digital and Kioxia complaints, which compares claim 1 of the '241 patent to the same purported teardown analysis" of die identifier FRN1256G. Omnibus Motion at 6. Further, "the sole asserted claim of the '232 patent is a method claim [and] Sonrai asserts that 'the Accused Products automatically and inherently practice the claimed method(s) upon being activated, without requiring any particular action by Defendants' customers or end users.'" Reply at 5. This overlap suggests that this Court's determinations in the

7

Manufacturer Actions will simplify the Customer Actions so long as the Customers agree to be bound by those determinations.

      2.   Do the Instant Customers Agree to Be Bound?

The Instant Customers have agreed to be bound by any infringement determination in the Kioxia Action and Western Digital Action as to the Accused Kioxia and Western Digital Chip. Omnibus Motion at 15. They also agree to be bound by any "invalidity determinations in the Kioxia and Western Digital Manufacturer case as to the contentions currently asserted by [Sonrai] as to the '241 patent." *Id.* at 15 n.10. Dell offers the same agreement for the '232 patent. *Id.* Sonrai recognizes that the Instant Customers have agreed to be bound by "invalidity determinations," but argues that it is less clear whether they agree to be bound by "validity determinations." Opposition at 14. Further, no Customer Defendant has agreed to be bound by any *Markman* ruling or any damages ruling. *Id.*

The Court is satisfied with the agreements offered by the Instant Customers. The Court interprets their agreements to encompass an agreement to be bound by a determination that the '241 patent is not invalid. (And, for Dell, an agreement to be bound by a determination that the '232 patent is not invalid.) To the extent that interpretation is at odds with their intent, the customers should inform the Court immediately.

      3.   Is the Manufacturer the Only Source of the Accused Product?

The Court is aware that Sonrai asserts other patents against most of the Instant Customers; infringement contentions directed to those other patents do not accuse the Accused Kioxia and Western Digital Chip. The Court nevertheless holds that it can sever and stay the claims directed to the '241 and '232 patents to address concerns under this factor.

Under these circumstances, severance and stay will conserve party and judicial resources. Federal Rule of Civil Procedure 21 provides that, "the court may at any time, on just terms, add or

drop a party. The court may also sever any claim against a party." The decision to grant a motion to sever is committed to the discretion of the district court. *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012). The Court will exercise its discretion in the interests of conserving judicial resources, party resources, and avoiding inconsistent judgments.

### B.     Traditional Stay Factors

#### 1. Undue Prejudice

Sonrai argues that a stay would prejudice Sonrai, forcing it to "engage in inefficient and more costly piecemeal litigation." Opposition at 14–15. It further argues that a stay would "needlessly delay taking discovery concerning . . . indirect infringement claims, and on various damages issues, which would cause undue prejudice due to potential loss of evidence and unnecessary delay in recoveries." *Id.* at 14–15. The Court agrees that Sonrai would suffer some prejudice, but this Court's interest in judicial economy overwhelms that prejudice. There is too much efficiency to be gained from litigating infringement and validity as to the Accused Kioxia and Western Digital Chip and the '241 and '232 patents in a single case defended by the designers and manufacturers of that chip. A stay will also help avoid inconsistent judgments between these cases.

#### 2. Simplifying the Issues

The three-factor customer-suit analysis above illustrates how a stay would simplify the issues. Sonrai argues, however, that the cases against Google, LG, Samsung, Dell, Apple, and Kingston "also involve allegations of indirect infringement of the '241 and/or '232 patents, which would . . . not be resolved by the manufacturer suits." Opposition at 12. The Court acknowledges that resolving the Manufacturer Actions would not necessarily and definitively resolve indirect infringement and damages issues related to the '241 and '232 patent. But they may. And, at the very least, resolution of validity and direct infringement will answer some questions underlying

damages and indirect infringement issues. In these circumstances, a severance and stay would "facilitate just, convenient, efficient, and less expensive determination" of the issues at hand. *In re Nintendo*, 756 F.3d at 1365–66.

   3. Discovery and Trial

In the Instant Customers' actions, fact discovery has not opened and trial has not been set. This does not militate against a stay.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Omnibus Motion as to the Defendants' requests in the above-captioned actions is **GRANTED**. It is therefore **ORDERED**:

- In the Apple Action, No. 6:21-CV-00401-ADA, ECF No. 26 is **GRANTED** and the Apple Action is stayed pending resolution of the Kioxia Action and Western Digital Action.

- In the Dell Action, 6:21-CV-00361-ADA, ECF No. 31 is **GRANTED** and Sonrai's '241 and '232 patent claims against Dell (Counts I and III) are severed pursuant to Federal Rule of Civil Procedure 21, and that severed action is stayed pending resolution of the Kioxia Action and Western Digital Action. The Dell Action will otherwise proceed.

- In the LG Action, 6:21-cv-00168-ADA, ECF No. 28 is **GRANTED** and Sonrai's '241 patent claims against LG (Count II) are severed pursuant to Federal Rule of Civil Procedure 21, and that severed action is stayed pending resolution of the Kioxia Action and Western Digital Action. The LG Action will otherwise proceed.

- In the Kingston Action, 6:21-CV-001284, ECF No. 47 is **GRANTED** and Sonrai's '241 patent claims against Kingston (Count I) are severed pursuant to Federal Rule of Civil Procedure 21, and that severed action is stayed pending resolution of the Kioxia Action and Western Digital Action. The Kingston Action will otherwise proceed.

SIGNED this 23rd day of February, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE