**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **SONRAI MEMORY LIMITED,**<br>**Plaintiff,**<br><br>*v.*<br><br>**LG ELECTRONICS INC. and LG**<br>**ELECTRONICS U.S.A., INC.,**<br>**Defendants.** | **6:21-cv-00168-ADA** |

**ORDER DENYING LG ELECTRONICS INC.'S AND**
**LG ELECTRONICS U.S.A., INC.'S OPPOSED MOTION TO STAY**
**PENDING RESOLUTION OF *INTER PARTES* REVIEW**

Came on for consideration this date is Defendants LG Electronics Inc.'s and LG

Electronics U.S.A., Inc.'s Opposed Motion to Stay Pending Resolution of *Inter Partes* Review of

All Asserted Claims of the Asserted Patent. ECF No. 44 (the "Motion"). Plaintiff Sonrai Memory

Limited ("Sonrai") filed an opposition on March 29, 2022, ECF No. 45, to which Defendants LG

Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LGE") replied on April 5, 2022,

ECF No. 46.

## I. BACKGROUND

Sonrai filed this Action on February 23, 2021, alleging that LGE infringes at least claim 1

of U.S. Patent No. 6,874,014 (the "'014 patent"). ECF No. 1 ¶ 13. On July 15, 2021, Sonrai served

LGE infringement contentions specifically alleging infringement of claims 1, 3, 5, 7, and 11 of the

'014 patent. ECF No. 44-3 at 1.

The same day it initiated this Action, Sonrai filed several other suits asserting the '014

patent, including one against Google LLC ("Google"). *Sonrai Memory Limited v. Google LLC*,

Case No. 6:21-cv-00167-ADA (W.D. Tex.) (the "Google Action"). On August 30, 2021, Google

petitioned the Patent Trial and Appeal Board ("PTAB") for *inter partes* review ("IPR") of claims

1–3, 5–9, 11–13, and 15–19 of the '014 patent. *See* Petition, *Google, LLC v. Sonrai Memory Ltd.*, IPR2021-01454, Paper 1 (P.T.A.B. Aug. 30, 2021). Sonrai did not file a response to Google's petition and, on March 4, 2022, the PTAB instituted the requested IPR. *See* ECF No. 44 at 3; *see also* ECF No. 44-4 (the "Institution Decision") at 2, 15. The Institution Decision found Google's invalidity arguments as to each challenged claim "persuasive." ECF No. 44-4 at 15. On March 25, 2022, LGE filed a "copycat" IPR petition along with a motion to join the Google IPR. ECF No. 52 at 2. That motion is still pending.

The Court held a *Markman* hearing in this Action on February 25, 2022; fact discovery opened the next day. *See* ECF No. 26. On March 15, 2022, LGE filed the instant Motion, requesting that the Court stay this Action pending "final disposition of the Google IPR." ECF No. 44 at 10. The Court expects to reach a verdict in this Action by the end of February 2023, *see* ECF No. 54, while the PTAB is expected to issue its final written decision ("FWD") in the Google IPR by March 4, 2022.

## II. LEGAL STANDARD

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc*., No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also CyWee Grp. Ltd. V. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.).

### III. ANALYSIS

**A.      Undue Prejudice to the Non-moving Party**

The Court finds that a stay would inflict undue prejudice upon non-movant Sonrai for at least the following two reasons.

First, a stay risks the loss of testimonial and documentary evidence potentially valuable to Sonrai's case. *See Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of ten months would "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (holding that delay also risks making witnesses harder to find).

Some factors may diminish this risk, like where the requested stay is of a brief and definite duration. That factor is missing here where the requested stay extends to the conclusion of any appeals from the Google IPR, which will almost certainly drag on for the better part of a year *after* the expected March 2023 FWD. *See Multimedia Content Mgmt. LLC v. Dish Network*, No. 6:18-CV-00207-ADA, 2019 U.S. Dist. LEXIS 236670, at *5 (W.D. Tex. May 30, 2019) (noting the length of appeal and the statutory scheme's provision for delaying a FWD by six months if necessary).

The risk is also less pronounced where the proceeding-to-be-stayed and the parallel proceeding implicate discovery of a similar scope and evidence in the latter can later be used in the former. *Cf. Kirsch Research & Dev., LLC v. BlueLinx Corp.*, No. 6:20-cv-00316-ADA, 2021 U.S. Dist. LEXIS 191694, at *12 (W.D. Tex. Oct. 4, 2021) (suggesting that a manufacturer suit may preserve evidence relevant to a customer's suit). These factors are typically not implicated in

motions to stay pending IPR because IPRs have limited scope—only invalidity based on published prior art—and even more limited discovery. *See* 35 U.S.C. § 311(b) (providing the limited scope of validity challenges in an IPR petition); 37 C.F.R. § 42.51 (providing the limited scope of discovery in IPR proceedings).

The second reason a stay may unduly prejudice Sonrai is that Sonrai, like all patentees, has an interest in the timely enforcement of its patent rights. *See Kirsch Research & Dev., LLC v. Tarco Specialty Products, Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021) (citing *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015)). The Federal Circuit has long held that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed." (quoting *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970))). Congress has recognized as much, establishing the PTAB to provide a forum for the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016).

This Action is slated to resolve all the patent disputes separating the parties—either at the summary judgment stage or trial—before the PTAB adjudicates *only* invalidity based *only* on prior-art publications. The Court sees little sense in putting off trial (and the plaintiff's potential recovery) in favor of a lagging, limited adjudication that may not ultimately obviate the need for a jury trial. *See USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021) (denying stay where a FWD was expected months after the scheduled jury trial); *Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-CV-00200-

ADA, 2021 U.S. Dist. LEXIS 67384, at *6 (W.D. Tex. Apr. 7, 2021) ("[T]he Court believes that allowing this case to proceed to completion will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages.").

Given the foregoing, this factor weighs against granting a stay.

**B.    Stage of the Proceedings**

The advanced stage of this Action counsels against a stay. "[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595 (2014). This case is no longer in its early stages. The *Markman* hearing occurred February 25, 2022. *See* ECF No. 41. The Court has resolved LGE's motion to sever and stay portions of this Action under the customer-suit exception. *See* ECF No. 40. Fact discovery closes in three months. *See* ECF No. 54. And trial has been set. *See id*. The Court has expended significant resources getting to this point and is prepared to usher this Action to trial.

Given the foregoing, this factor weighs against granting a stay.

**C.    Simplification of Issues**

Finally, the Court considers whether a stay will simplify the issues in this Action. This is the "most important factor" in the stay analysis. *Tarco*, 2021 WL 4555804, at *3 (citing *NFC Tech.*, 2015 WL 1069111, at *4). Under this factor, the Court will typically weigh: the scope of estoppel the movant is bound by; and the strength of the relevant IPR petition in the context of the asserted claims. As a general matter, the PTAB's suggestion that an IPR petition contains strong grounds for invalidating all the asserted claims, combined with the movant's acceptance of a broad estoppel, suggests that a stay would simplify issues.

1.   <u>Scope of Estoppel Attaching to LGE</u>

Section 315(e) of Title 35 subjects IPR petitioners to estoppel once the PTAB issues a FWD. Google, for instance, will be estopped from asserting in district court that the claims the PTAB subjected to IPR are invalid over the obviousness combinations instituted upon *and* any grounds Google reasonably could have asserted against those claims in its IPR petition. *See Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022). LGE is not, at present, subject to the same estoppel because it is not party to the Google IPR. LGE has filed an IPR petition mirroring Google's petition and sought joinder in the Google IPR but the PTAB has ruled on neither. Even if LGE is permitted to join Google's post-institution IPR, it would not be statutorily estopped to the same degree as the original petitioner, Google. *See Network-1 Techs., Inc. v. Hewlett-Packard Co.*, 981 F.3d 1015, 1027 (Fed. Cir. 2020). LGE nevertheless agrees to be estopped to the same degree as if it was Google, but only if the Court grants its requested stay. ECF No. 44 at 9.

The scope of that agreed estoppel is not insignificant under this factor, but its force is dulled by the prospect that LGE may nevertheless escape any estoppel. LGE's current non-party status in the Google IPR renders LGE powerless to prevent early termination of the Google IPR. This Court could grant LGE's requested stay only for the PTAB to deny both LGE's IPR petition and motion to join the Google IPR; if Google and Sonrai then settle and terminate the IPR before the PTAB reaches the FWD triggering § 315(e)'s estoppel,[1] no estoppel would attach to LGE. *See Intuitive*

---

[1] On June 13, 2022, Sonrai and Google jointly notified the Court that "all matters in controversy between the parties have been settled, in principle." Google Action, ECF No. 63. Accordingly, Sonrai and Google may soon seek to terminate the Google IPR. If the PTAB indulges that termination yet later institutes LGE's copycat petition, the risk that LGE evades estoppel plummets, but the duration of LGE's requested stay almost certainly balloons given how late in

*Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1041 (Fed. Cir. 2022) ("The plain language of § 315(e)(1) is clear that estoppel is triggered when an IPR proceeding results in a final written decision."); *Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1052 (Fed. Cir. 2017) ("There is no IPR estoppel with respect to a claim as to which no final written decision results."). In such a scenario, the Court would have delayed these proceedings without generating *any* of the simplification LGE promises. The Court appreciates, however, that LGE means to foreclose this scenario through joining the Google IPR.

>    2.  Strength of Google's IPR Petition

The degree to which this Action will be simplified is a function of not just the scope of estoppel attached to LGE, but also how many asserted claims survive the FWD. Assuming the Google IPR reaches a FWD, there are only three outcomes relevant for our purposes: all the asserted claims fall; all the asserted claims survive; or some of the asserted claims survive.

As to the first outcome, it is undoubtedly true that a FWD invalidating all the asserted claims would dispose of this Action (assuming Google or LGE can defend their victory on appeal). *See Tarco*, 2021 WL 4555804, at *3. As to the second outcome, such a result would narrow the universe of prior art asserted before this Court, but it would still permit LGE to take another bite at the invalidity apple. The estoppel LGE has conditionally agreed to is broad but would not foreclose LGE from challenging the asserted claims using system prior art or applicant admitted prior art ("AAPA")—maybe even combined with prior art publications. Sonrai notes that LGE's invalidity contentions already include reference to system prior art and AAPA. ECF No. 45 at 9. It is unclear how forcing the defendant to rely on other prior art for its invalidity case constitutes

---

the day LGE filed its copycat petition. That may improve LGE's lot under this factor, but it would hurt it under the "undue prejudice" factor.

a "simplification" of the invalidity issue as opposed to simply a second chance to invalidate the asserted claims. It is unlikely, then, that this Action would be much simplified where the Google IPR leaves all asserted claims unscathed. The third outcome, in which only some claims survive, is an improvement upon the second in that it would narrow not only the universe of prior art, but also the number of asserted claims. As with the second outcome, it would still permit LGE to put on an invalidity case under §§ 102 or 103.

To better gauge what outcome to expect from a FWD, and therefore what degree of simplification to expect from a stay, the Court looks to the relevant institution decision. For this factor to favor granting a stay, the movant "must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim." *Tarco*, 2021 WL 4555804, at *3 (quoting *Scorpcast v. Boutique Media*, No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751, at *3 (E.D. Tex. June 7, 2021)). LGE has not done that.

The PTAB instituted the Google IPR on two distinct obviousness grounds applied against each challenged claim. *See* ECF No. 44-4 at 16. Yet the Institution Decision is so brief it foregoes *any* discussion of the secondary references Google used. The shocking lack of substance is no doubt due to Sonrai's failure to oppose institution[2] but the resulting product falls short of a ringing endorsement for Google's obviousness combinations. To be sure, the Institution Decision holds that "Petitioner establishes a reasonable likelihood that it would prevail in showing that the [first obviousness combination] renders at least claim 1 obvious." ECF No. 44-4 at 15. It does not,

---

[2] Sonrai notes that "the PTAB has not yet had the benefit of Sonrai's complete, substantive argument." ECF No. 45 at 9. "Sonrai is currently preparing responses to Google's IPR petition that demonstrate significant flaws in the argument cited evidence." *Id.* at 8. These representations do not hearten the Court given Sonrai's failure to oppose institution. But the Court does not presume that such failure amounts to a concession to the Google petition's persuasive force.

however, issue the same statements in support of the other challenged claims (including the other asserted independent claim, claim 7)[3] or even the second obviousness combination. The PTAB panel merely refers to the remainder of Google's "argument and evidence" as "persuasive for purposes of institution" without a scintilla of accompanying analysis. Again, this is not a resounding endorsement for the strength of Google's petition. *Cf. USC IP*, 2021 WL 6201200, at *2 (denying a stay where "the PTAB specifically noted in its institution decisions that it 'cannot say that the merits [of the IPR petition] are particularly strong'").

*Tarco* is a helpful reference point. There, this factor favored a stay primarily because the relevant institution decisions explicitly found a reasonable likelihood that the two asserted claims were *both* invalid on four distinct grounds each. *Tarco*, 2021 WL 4555804, at *3; *see also Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, No. 219CV00333JRGRSP, 2021 WL 66531, at *3 (E.D. Tex. Jan. 7, 2021) (granting a stay where "the Board expressly noted that [the petitioner] 'sets forth a strong showing of unpatentability on the challenged claims'"). The *Tarco* institution decisions provided a fulsome analysis of those combinations and lacked the instant Institution Decision's prevarications. *See Tarco*, 2021 WL 4555804, at *3. *Tarco* also referenced two other pre-institution IPR petitions that sought to invalidate the asserted claims on yet other grounds. *See id.* The movant in *Tarco* marshalled compelling evidence inspiring confidence that the PTAB was likely to invalidate each asserted claim; LGE has simply not done the same here.

Given the foregoing, this factor does not favor granting a stay.

---

[3] The Institution Decision's conclusory statements regarding all the other claims read more like fidelity to the strictures of *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348 (2018), than a strong indictment of the claims' validity.

## IV. CONCLUSION

The Court finds that no factor weighs in favor of granting a stay. Sonrai would be prejudiced by delay of this trial, slated to occur before the PTAB issues a FWD in the Google IPR. This Action is in an advanced stage. And LGE has not made a strong showing regarding the strength of the Google IPR petition. For the foregoing reasons, LGE's Motion to Stay, ECF No. 44, is **DENIED**.

SIGNED this 27th day of June, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE